**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FAT AND BROKE, INC. D/B/A GAMER LOGISTICS,**<br><br>**Defendant.** | **Civil Action No.** 3:25-cv-00433<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), to correct unlawful employment practices and to provide appropriate relief to Charging Parties John Baquera and Jesus Ramos, and to a class of job applicants and employees who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Fat and Broke, Inc. d/b/a Gamer Logistics discharged Baquera and a class of employees in driver positions because they were 65 years and older; denied hiring Ramos and a class of job applicants for driver positions because they were 65 years and older; and subjected a class of job applicants and employees to different terms and conditions of employment because they were 65 years and older, in violation of the ADEA. Defendant also failed to maintain records related to job applications in violation of the ADEA and 29 C.F.R. § 1627.3.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates

by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217. This action is further authorized and instituted pursuant to Section 7(a) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Western District of Texas, El Paso Division.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA, and is expressly authorized to bring this action under Section 7(b) of ADEA, 29 U.S.C. § 626(b).

4. At all relevant times, Defendant Fat and Broke, Inc. d/b/a Gamer Logistics, a Texas corporation (hereinafter "Defendant"), has continuously been doing business in the State of Texas and County of El Paso, as well as other jurisdictions, and has continuously employed at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g), and (h) of the ADEA, 29 U.S.C. § 630(b), (g) & (h).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) & (h).

## ADMNISTRATIVE PROCESS

7. On September 3, 2025, EEOC issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADEA and inviting Defendant to join with EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory employment

practices and provide appropriate relief.

8. EEOC engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Determination.

9. EEOC was unable to secure from Defendant a conciliation agreement that was acceptable to the Commission.

10. On September 3, 2025, EEOC issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

12. John Baquera began his employment by Defendant in or about March 2020 as a local driver.

13. At all times during his employment, Mr. Baquera had a commercial driver's license and a valid Medical Examiner's Certificate certifying that he was physically qualified to operate a commercial motor vehicle.

14. In or around March 2024, Defendant entered into a contract with insurance carrier TexCaz Insurance Services ("TexCaz") for a liability insurance policy that excluded from coverage drivers age 65 and older. The policy provided that exceptions could be made on a case-by-case basis for drivers age 65 and older who were responsible only for training other drivers or for driving locally.

15. At the time that Defendant obtained the TexCaz liability insurance policy, Defendant, acting through its President Jaime Herrera, possessed actual knowledge that the policy excluded coverage for all drivers age 65 and older.

16. In March 2024, Mr. Baquera was 69 years old.

17. Although Mr. Baquera was a local driver, TexCaz excluded him from insurance

coverage based on information Defendant provided to TexCaz incorrectly stating that Baquera was an over-the-road driver.

18. On or before March 21, 2024, Defendant possessed actual knowledge that TexCaz had excluded Mr. Baquera from insurance coverage based on his age under Defendant's liability insurance policy.

19. Defendant did not seek an exception to the age-based exclusion of coverage for Mr. Baquera notwithstanding the fact that Baquera was eligible for such exception because of his position as a local driver.

20. On or about March 28, 2024, Defendant discharged Mr. Baquera from his employment because he was 69 years old.

21. Beginning in or around March 2024 until in or around March 2025, Defendant maintained a practice of refusing to employ any driver who was age 65 or older who TexCaz excluded from insurance coverage because of age.

22. In or around July 2024, Jesus Ramos applied for a local driver position with Defendant.

23. At the time he applied, Mr. Ramos had a commercial driver's license and a valid Medical Examiner's Certificate certifying that he was physically qualified to operate a commercial motor vehicle.

24. At the time he applied, Mr. Ramos was 68 years old.

25. At or around the time that Mr. Ramos applied, Defendant knew that he was 68 years old.

26. At or around the time that Mr. Ramos applied, Defendant concluded that he would be excluded from coverage under its liability insurance policy with TexCaz.

27. Defendant did not hire Mr. Ramos because he was 68 years old at the time of his

application for employment.

28. Beginning in or around March 2024 until in or around March 2025, Defendant maintained a practice of refusing to hire any job applicant for a driver position who was age 65 or older at the time of their application.

29. In or around March 2025, Defendant obtained new liability insurance coverage from a different insurance carrier that provides coverage for Defendant's drivers who are age 65 and older, subject to the following conditions: "Drivers Age 65 and over must provide a valid Long Form Physical to the insurance carrier for review and possible acceptance. Carrier will not consider physicals with less than 1 year of validity."

30. Since at least in or around March 2025, Defendant has maintained an ongoing practice of requiring as a condition of hiring or employment that drivers who are age 65 and older must provide to its insurance carrier for review and possible acceptance a valid Long Form Physical with not less than one year of validity.

31. Defendant did not retain Mr. Ramos's employment application for a period of one year after he applied.

32. Defendant has maintained a practice of destroying applications submitted by job applicants who are not hired 30 days after the date of their applications.

## CAUSES OF ACTION

### COUNT I: Discharge from Employment Because of Age

33. The Commission incorporates by reference the factual allegations set forth in Paragraphs 12-21 above.

34. Since at least March 2024, Defendant has discharged from employment Baquera and a class of presently unidentified employees in driver positions because of their ages, 65 years and older, in violation of the ADEA.

35. The effect of the unlawful employment practices described above has been to deprive Baquera and a class of presently unidentified employees in driver positions of equal employment opportunities and otherwise adversely affect their status as employees because of their ages, 65 years and older.

36. The unlawful employment practices complained of above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**COUNT II: Denial of Hire Because of Age**

37. The Commission incorporates by reference the factual allegations set forth in Paragraphs 12-28, above.

38. Since at least March 2024, Defendant has failed or refused to hire Ramos and a class of presently unidentified job applicants for driver positions because of their ages, 65 years and older, in violation of the ADEA.

39. The effect of the unlawful employment practices described above has been to deprive Ramos and a class of presently unidentified job applicants for driver positions of equal employment opportunities and otherwise adversely affect their status as job applicants and employees because of their ages, 65 years and older.

40. The unlawful employment practices complained of above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**COUNT III: Discriminatory Terms and Conditions of Employment Because of Age**

41. The Commission incorporates by reference the factual allegations set forth in Paragraphs 29-30, above.

42. Since at least March 2025, Defendant has subjected a presently unidentified class of employee drivers and job applicants for driver positions to ongoing discriminatory terms and conditions of employment because of their ages, 65 years and older, in violation of the ADEA,

which includes requiring, as a condition of maintaining or obtaining employment, that employees and job applicants 65 years and older submit a valid Long Form Physical with not less than a year of validity for Defendant's insurance carrier's review and approval.

43. The effect of the unlawful employment practices described above has been to deprive a class of presently unidentified employees in driver positions and job applicants for driver positions of equal employment opportunities and otherwise adversely affect their status as employees and job applicants because of their ages, 65 years and older.

44. The unlawful employment practices complained of above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**COUNT IV: Recordkeeping Violation - ADEA**

45. The Commission incorporates by reference the factual allegations set forth in Paragraphs 31-32, above.

46. Since at least March 2024, and upon information and belief, during periods preceding March 2024, Defendant has failed to retain and preserve records related to job applications, including but not necessarily limited to job application, resumes, or other forms of employment inquiry, for a period of one year from the date of the personnel action to which they relate and until final disposition of an ADEA proceeding to which they are relevant in violation of Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and 29 C.F.R. § 1627.3(b)(1) and (3).

47. These records are necessary and appropriate for the administration of the ADEA.

**PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in age discrimination, including discriminatory hiring, discharge, discriminatory terms and conditions of

employment, and any other employment practice that constitutes discrimination because of age.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with Defendant, from future violations of the Commission's ADEA recordkeeping regulations.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities that eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to take such action to remedy the effects of its age discriminatory hiring practices and recordkeeping violations, including but not limited to undertaking paid advertising at its own expense to identify persons whose job applicant records were unlawfully destroyed or discarded by Defendant.

E. Order Defendant to make whole John Baquera and Jesus Ramos by providing appropriate back pay with prejudgment interest and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement/instatement and front pay in lieu thereof.

F. Order Defendant to make whole a class of aggrieved persons ages 65 years and older who were discharged from driver positions, denied hire for driver positions, or subjected to discriminatory terms and conditions of employment by providing appropriate back pay with prejudgment interest and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement/instatement and front pay in lieu thereof.

G. Order Defendant to pay liquidated damages to John Baquera and Jesus Ramos for its willful violations described above.

H. Order Defendant to pay liquidated damages to a class of aggrieved persons ages 65 years and older who were discharged from driver positions, denied hire for driver positions, or

subjected to discriminatory terms and conditions of employment for its willful violations described above.

I. Grant such other relief as the Court believes is necessary and proper in the public interest.

**JURY TRIAL DEMAND**

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW B. ROGERS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

ANN HENRY
ACTING ASSISTANT REGIONAL ATTORNEY

*/S/ ALEXA LANG*
ALEXA LANG
TRIAL ATTORNEY
TEXAS STATE BAR NO. 24105356
EMAIL: ALEXA.LANG@EEOC.GOV

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
DALLAS DISTRICT OFFICE
217 S. HOUSTON ST., 3RD FLOOR

DALLAS, TEXAS 75201
TELEPHONE: 972-918-3648
FACSIMILE: 214-253-2749

**ATTORNEYS FOR PLAINTIFF**